UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES C. WEST, )
 )
      Plaintiff, )
 )
v. ) CAUSE NO. 3:17-CV-711 PPS
 )
JULIE LARSON, *et al.*, )
 )
      Defendants. )

OPINION AND ORDER

James C. West, a prisoner without a lawyer, filed a complaint against correctional staff and medical staff at the St. Joseph County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

West alleges that, when he arrived at the jail, he did not receive his blood pressure medication, which caused higher blood pressure, a more rapid heart rate, and headaches. When he told Nurse Lynn, she responded by telling him that those symptoms were good for him, and she did not provide the medication. On July 29, 2017, he had sharp chest pains

and asked a correctional officer to see a nurse. Four days later, a doctor reviewed West's medical records, which included a history of heart disease, but the doctor told West that all he could do was refer West to his regular cardiologist and prescribe nitro tabs. On August 2, a nurse decided that West's condition warranted an ambulance, and West was admitted to Memorial Hospital. The hospital staff stabilized West and determined that he had suffered some heart damage. On August 6, he returned to the jail, and he has not had another appointment with a doctor as of the date he filed the complaint -- September 11.

West further alleges that a classification supervisor put his health in danger by not assigning the elderly and handicapped to bottom bunks and bottom floors; by punishing inmates for seeking medical attention by placing them in the medical wing; and by placing West in the only "all black pod" in the jail. West seeks money damages and injunctive relief to change jail policies.

Notably, West has since transferred to the Elkhart County Jail. ECF 4. When "a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Because West does not indicate that he is likely to be retransferred, I will dismiss West's request for injunctive relief.

West asserts an Eighth Amendment claim of deliberate indifference to his medical needs against Nurse Lynn, unnamed doctors, and an unnamed classification supervisor. "[I]nmates are entitled to adequate medical care." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component

2

by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical practice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

West states a claim of deliberate indifference against Nurse Lynn for refusing to provide him with blood pressure medication. However, West cannot proceed against the classification supervisor because the complaint does not suggest that the classification supervisor was aware of West's medical condition. The unnamed doctors must also be

3

dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citation omitted). If at some point West can identify and name or identify these defendants by some other means, then he can attempt to amend his complaint at that time. For now, retaining the unnamed doctors as defendants serves no purpose, and I will dismiss these defendants.

West claims that the policy and practices maintained by Warden Larson and Beacon Health Services violated his Eighth Amendment right to adequate medical care.[1] A municipality or private corporation cannot be held liable for damages under § 1983 unless a policy or custom caused the alleged constitutional violation. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). West does not identify any policy or practice maintained by Beacon Health Services. Moreover, although West alleges that Warden Larson maintained unconstitutional policies for housing assignments, he does not explain how these policies harmed him or how they caused others to act with deliberate indifference to his medical needs.

West also alleges that Officer Dunifin, the sanitation officer, refused to clean the showers or replace the shower curtains, which had black mold; refused to clean the trash

---

[1]The dates provided in West's complaint and motion for leave to proceed *in forma pauperis* suggest that he was at the St. Joseph County jail only after he entered a guilty plea on October 17, 2016. *See State v. West*, 20D05-1510-F6-982, available at http://www.in.gov/judiciary/. Therefore, I will consider West's claims only under the Eighth Amendment.

can in the day room, which emitted the foul odor of spoiled milk; and returned laundry to inmates in a damp or wet condition. He asserts an Eighth Amendment conditions of confinement claim against Officer Dunifin. In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment.").

The jail conditions as described by West do not constitute the type of severe deprivation needed to establish a constitutional violation. *See Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) (an unpleasant odor with no evidence of injury "does not amount to constitutional deprivation"); *Carroll v. DeTella*, 255 F.3d 470, 473 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not [cruel and unusual punishment]."); *McNeil v. Lane*, 16 F.3d 123 (7th Cir.

1993) (inmate's exposure to moderate levels of environmental contaminants did not violate the Eighth Amendment, because such exposure "is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual"). Additionally, West does not allege that he suffered any harm due to the alleged jail conditions. *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016) (an inmate "must also show that he suffered some cognizable harm from the overall lack of a sanitary environment"). Therefore, I will dismiss the conditions of confinement claim against Officer Dunifin.

Accordingly,

(1) James C. West is **GRANTED** leave to proceed on a claim against Nurse Lynn in her individual capacity for money damages for refusing to provide him with blood pressure medication in violation of the Eighth Amendment;

(2) Julie Larson, Beacon Health Ventures, Unnamed Doctors, Unnamed Classification Supervisor, and Officer Dunifin are **DISMISSED**;

(3) all other claims are **DISMISSED**;

(4) the clerk and the United States Marshals Service are **DIRECTED** to issue and serve process on Nurse Lynn at the St. Joseph County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) Nurse Lynn is **ORDERED**, pursuant to 42 U.S.C. § 1997e(g)(2), to respond as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which James C. West has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: January 26, 2018

                                                /s/ Philip P. Simon
                                                JUDGE
                                                UNITED STATES DISTRICT COURT