UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES C. WEST,

        Plaintiff,

        v.                        CAUSE NO.: 3:17-CV-711-PPS-MGG

JULIE LARSON, et al.,

        Defendants.

## OPINION AND ORDER

James C. West, a prisoner without a lawyer, proceeds on an Eighth Amendment claim of deliberate indifference to serious medical needs against Nurse Lynn S. Mahoney Henckel. He alleges that she refused to provide him with blood pressure medication. Nurse Henckel filed the instant motion for summary judgment, arguing that West did not exhaust his administrative remedies. In support of the motion, Nurse Henckel provides the St. Joseph County Jail grievance procedure, which states:

> **Grievance procedure:**
>
> A grievance in a complaint. It must concern a rule of procedure, a complaint of oppression, or [an act of] misconduct by an employee in administering such rules. A personal dispute between inmates and/or inmates and employees is not considered grounds for a grievance. An appeal of a classification or disciplinary decision is NOT a grievance.
>
> 1. Submit a grievance form with the pod deputy.
>
> 2. The grievance will be numbered and sent to the supervisor responsible for the person or issue the grievance address for investigation.

> 3. Following the investigation of the claim or complaint a written response to your grievance will be returned to you upon completion of the investigation.
>
> 4. You may file another grievance on the same issue which will be forwarded to the Jail Commander for a second review. You must indicate on the grievance that it is the second attempt to have your grievance reviewed. Should the grievance require further review it may be submitted to the Sheriff.

ECF 33 at 26. Nurse Henckel also provides an affidavit, attesting that she is the nurse manager at the St. Joseph County Jail and reviews two to fifteen inmate grievances per day. *Id.* at 22. She further attests that she does not recall any grievances filed by West against her. *Id.*

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine dispute of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Nevertheless, a party opposing summary judgment may not rely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or

otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Nurse Henckel argues she is entitled to summary judgment because West did not submit any grievances specifically against her as required by the grievance procedure. The purpose of the grievance process is to alert officials to a problem so action can be taken to remedy the problem. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Proper exhaustion of administrative remedies means that "the grievances must contain the sort of information that the administrative system requires." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650.

Though the grievance procedure sets forth a number of grievable subjects, it demands no particular information from the aggrieved. More significantly, it does not require inmates to identify a specific individual as a responsible party. As a result, Nurse Henckel cannot prevail on the exhaustion issue merely by showing that West never named her in a grievance. Additionally, rather than provide the jail grievance logs, Nurse Henckel merely suggests that her inability to recall West's grievance means that he did not file one. Though there are circumstances in which this inference might be appropriate, here, Nurse Henckel has not established that she would necessarily have knowledge of any such grievances. For example, this inference might be reasonable if she also attested that she reviewed all medical grievances at the St. Joseph County Jail in 2017.

4

Nurse Henckel further argues that West has not shown that he proceeded to the next step of the grievance process by filing another grievance to be forwarded to the jail commander. She argues that, instead, West states that he "appealed directly to the warden," which does not comply with the grievance procedure. ECF 42 at 5. Significantly, Nurse Henckel, not West, bears the burden of proof regarding the exhaustion issue. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Moreover, though Nurse Henckel argues that West's statement is essentially an admission that he did not proceed to the next step of the grievance procedure, I do not construe West's statement as such. This statement is ambiguous as it may very well be referring to West's submission of a second grievance with the pod deputy addressed to the jail commander. Absent a clearer statement, I cannot conclude that West has made such an admission.

Nurse Henckel also argues that West could not have completed the grievance process during the forty-seven days between August 2, 2017, when she allegedly denied West medication, and September 18, 2017, when he filed the complaint. She suggests that completing the grievance process within forty-seven days would be impossible. However, the record contains no evidence to support this line of reasoning, and completing the grievance process within forty-seven days seems entirely plausible.

In sum, Nurse Henckel has not shown that West did not comply with the grievance procedure. Additionally, Nurse Henckel has not shown that she or any other staff member complied with the grievance procedure by providing West with a written response. Therefore, Nurse Henckel has not demonstrated that West did not exhaust his available remedies, and I deny the motion for summary judgment.

For these reasons, the court DENIES the motion for summary judgment (ECF 32).

SO ORDERED on April 19, 2018.

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT