UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES C. WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-711 PPS |
| | ) |
| JULIE LARSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

James C. West, a prisoner without a lawyer, filed a motion to amend his complaint to add Dr. Hall and Dr. Tieman as defendants. In the interest of justice, I grant West leave to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

West alleges that, when he arrived at the jail, he did not receive his blood pressure medication, which caused higher blood pressure, a more rapid heart rate, and headaches. He requested this medication from Dr. Hall and Dr. Tieman, but they refused to provide it. When he met with Nurse Lynn to discuss the medication, she told him that those symptoms were good for him and also refused to provide the medication. On July 27, 2017, West had a heart attack and asked a correctional officer to see a nurse. Four days later,

either Dr. Hall or Dr. Tieman met with West and reviewed his medical records, which included a history of heart disease. West requested an electrocardiogram but the doctor told West that he had no treatment to offer. On August 2, West was admitted to Memorial Hospital. The hospital staff stabilized West and determined that he had suffered a heart attack and some heart damage. Dr. Patel, a physician at Memorial Hospital, informed West that the heart attack could have been caused by high blood pressure.

West asserts an Eighth Amendment claim of deliberate indifference to his medical needs against Nurse Lynn, Dr. Hall, and Dr. Tieman.[1] Prisoners are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that

---

[1] The dates provided in West's complaint and motion for leave to proceed *in forma pauperis* suggest that he was at the St. Joseph County jail only after he entered a guilty plea on October 17, 2016. *See State v. West*, 20D05-1510-F6-982, available at http://www.in.gov/judiciary/. Therefore, I will consider West's claims only under the Eighth Amendment.

2

harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical practice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The amended complaint states a plausible Eighth Amendment claim of deliberate indifference against Nurse Lynn, Dr. Hall, and Dr. Tieman.

As a final matter, West has filed a motion for leave to proceed in forma pauperis and asks whether the court will assess an additional filing fee for his new claims. The court will not assess an additional filing fee. Because I have already granted him leave to proceed in forma pauperis (ECF 3), I will deny the motion as unnecessary.

For these reasons, the court:

(1) GRANTS to motion to amend the complaint (ECF 44);

(2) DIRECTS the clerk to file the amended complaint (ECF 44-1);

(3) GRANTS James C. West leave to proceed on a claim against Nurse Lynn, Dr. Hall, and Dr. Tieman in their individual capacities for money damages for failing to

properly treat his high blood pressure and heart condition in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Hall and Dr. Tieman at the St. Joseph County Jail with a copy of this order and the amended complaint (ECF 44-1) as required by 28 U.S.C. § 1915(d);

(6) ORDERS Nurse Lynn, Dr. Hall, and Dr. Tieman, pursuant to 42 U.S.C. § 1997e(g)(2), to respond as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which James C. West has been granted leave to proceed in this screening order; and

(7) DENIES the motion for leave to proceed in forma pauperis (ECF 45) as unnecessary.

SO ORDERED on May 2, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT